IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TONG DOM VORACHAK,

                Plaintiff,

      v.

ALDEN ESTATES OF BARRINGTON,
INC.; ALDEN MANAGEMENT
SERVICES, INC.; SERVICE
EMPLOYEES INTERNATIONAL UNION,
LOCAL 4; and THE ILLINOIS
ASSOCIATION OF HEALTH CARE
FACILITIES,

                Defendants.

Case No. 07 C 3045

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Defendants Alden Estates of Barrington, Inc. (hereinafter, "Alden Estates"), Alden Management Services, Inc. (hereinafter, "Alden Management"), Service Employees International Union Local 4 (hereinafter, "Local 4" or "the Union"), and the Illinois Association of Heath Care Facilities (hereinafter, "the Association") have collectively moved to dismiss all counts of Plaintiff Tong Dom Vorachak's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motions are **granted.**

## I.  BACKGROUND

Plaintiff is a Certified Nurses Assistant and a member of Local 4. Between 2001 and 2006, he was employed in a nursing home owned by Alden Estates. Alden Estates terminated Plaintiff on

June 30, 2006, citing alleged patient abuse.  After being terminated, Plaintiff filed a grievance with Local 4, who commenced the grievance process articulated in the relevant collective bargaining agreement.  Pursuant to this process, Local 4 held a "Step 1" meeting with Plaintiff on August 8, 2006, and a "Step 2" meeting with him on September 12, 2006.  Local 4 then had the sole option to proceed to arbitration within 30 days (by October 12, 2006) but elected not to pursue arbitration.  Plaintiff alleges that Local 4 failed to notify him of this decision until four months later and in the interim ignored his numerous attempts to contact Local 4 regarding the status of his grievance.  Local 4 ultimately communicated its decision to Plaintiff on January 19, 2007.

Plaintiff filed the instant action on May 31, 2007.  The Complaint comprises four counts:  Count I against Local 4 for breach of its duty of fair representation under Section 301 of the Labor-Management Relations Act (the "LMRA"), 29 U.S.C. § 185 ("Section 301"); Count II against Alden Estates for breach of the collective bargaining agreement; Count III against Alden Estates and Alden Management for retaliatory termination pursuant to the LMRA, 29 U.S.C. §§ 157 and 158; and Count IV against all defendants under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1167, for failing to provide Plaintiff with health care continuance forms (the "COBRA forms") at the time of his

termination.  The Defendants seek dismissal of Counts I through III on the grounds that Plaintiff filed his complaint outside the applicable six-month statute of limitations.  The Defendants seek dismissal of Count IV on the grounds that Plaintiff has failed to allege sufficient facts to support it.

## II.  **DISCUSSION**

As to Counts I through III, Defendants are correct that Counts I through III are time-barred.  A six-month limitation period applies to the Plaintiff's LMRA claims, and it began to run when Plaintiff's claim accrued -, *i.e.*, when he discovered, or in the exercise of reasonable diligence should have discovered, the acts constituting Local 4's alleged violation.  *See Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299, 304 (7th Cir.1983).  Plaintiff contends that the date on which his claim accrued is January 19, 2007, the date on which the Union actually communicated to him that they were not pursuing his grievance to arbitration.  Defendants argue that the accrual date is, at the latest, October 12, 2006, the time by which the CBA required Local 4 to proceed to arbitration or waive its ability to do so.

The law sides with Defendants.  The failure of a union to pursue a grievance within a time period specified by the relevant collective bargaining agreement constitutes a "final decision" of which the grievance claimant reasonably should have been aware. *Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 914 (7th Cir.

1999).    Since Local 4's "final decision" here occurred on October 12, 2006, more than six months prior to the filing of this suit, Plaintiffs claims are time-barred, absent some reason for tolling the statute.

Plaintiff contends that the doctrine of equitable estoppel tolled the statute at least until Local 4 explicitly told Plaintiff that it had elected not to pursue arbitration.    Under this doctrine, tolling can be achieved where Plaintiff has shown some "deliberate or otherwise blameworthy conduct by the defendant that cause[d] the plaintiff to miss the statutory deadline." *Shropshear v. Corporation Counsel of City of Chicago*, 275 F.3d 593, 597 (7th Cir. 2001).    To this end, Plaintiff cites his allegation that, at his Step 2 meeting, a union representative told him that "the next step" was to "file a petition."    Plaintiff contends that by this statement Local 4 "actively misled" him that it intended to pursue his claim to arbitration and thereby tolled the statute of limitations.

The Court rejects Plaintiff's invocation of equitable estoppel.    The relevant facts of the LMRA case on which Plaintiff relies, *Slavich v. Local Union No. 551, UAW*, 1989 WL 135247 (N.D. Ill. 1989), bear little resemblance to those Plaintiff alleges here.    In *Slavich*, the union had settled the plaintiff's grievance without notifying the plaintiff and had also (a) continued to meet with him for more than a year about his grievance, including taking

a "statement of facts" to "facilitate the further processing" of his "pending" grievance, and (b) continued to accept his medical plan contributions for three years even though such contributions were only supposed to be accepted during the pendency of a grievance. *Id.* at *1. Here, Local 4's alleged statement at Plaintiff's Step 2 meeting that "the next step" was to file a "petition" is ambiguous. It neither indicates that filing a "petition" is synonymous with arbitration nor indicates that Local 4, as opposed to Plaintiff, would be the party responsible for filing a "petition," whatever that may be. What is more, the statement is alleged to have occurred once with no ongoing conduct that would suggest to Plaintiff that Local 4 was pursuing arbitration. Indeed, Plaintiff's own allegations are that for the next four months the Union repeatedly ignored his inquiries regarding the status of his claim and refused to communicate with him. In sum, Plaintiff's allegation regarding the "next step" statement amounts to an ambiguous, singular incident devoid of any indicia of deceptive intent. As such, it is in sufficient to trigger equitable tolling.

As to Count IV, Defendants are also correct that Plaintiff has failed to allege sufficient facts. Plaintiff claims that at least one of the Defendants failed to fulfill a duty under Section 606 of ERISA, 29 U.S.C. § 1166, to provide him COBRA forms upon his termination. There is no dispute that Section 606 required

Plaintiff's "plan administrator" to notify him of his COBRA rights within 14 days of his termination. 29 U.S.C. §§ 1166(a)(4)(A) & (c). But Defendants deny that they are plan administrators and so deny any responsibility for providing Plaintiff with COBRA forms. At the same time, Plaintiff has made no allegations regarding the identity of Plaintiff's Plan Administrator. Instead, Plaintiff merely states that "Defendants have presented no evidence whatsoever that any one of them is not the plan administrator." But Plaintiff bears the burden of pleading facts sufficient to establish each element of his claim. *Webb v. Local 73, Service Employees Intern. Union, AFL-CIO*, 2002 WL 31049841, *6 (N.D. Ill. 2002). Consequently, in the absence of an allegation regarding the identity of Plaintiff's "plan administrator," Count IV must be dismissed.

### III. <u>CONCLUSION</u>

For the reasons stated herein, the Motions to Dismiss of Defendants' Service Employees International Union, Local 4, Alden Estates of Barrington, Inc., The Illinois Association of Health Care Facilities, and Alden Management Services, Inc. are **Granted.** **IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated:    October 26, 2007

- 6 -